ELIZABETH CARTER, APPELLANT, *v.* PETER BOWE,
SHERIFF, AND OTHERS, RESPONDENTS.

*Substitution of indemnitors in actions against officers — Code of Civil Procedure,
secs.* 1421, 1427 — *no substitution can be made where there have been several suc-
cessive seizures and there are no facts which indicate, with reasonable certainty, the
property seized under the process for which the petitioner became a party to the bond
of indemnity.*

APPEAL from an order granted upon the petition of Sidney
De Kay, who had signed a bond of indemnity to the sheriff of the
county of New York, directing a division of this suit into two
actions, and that Sidney De Kay be substituted as defendant in
place of the sheriff in one of such actions; and from an order deny-
ing a motion for the reargument of the motion for such order, and
from an order denying a motion for the resettlement of that order.

This action was commenced in the year 1880 to recover the value
of property alleged to have been taken and converted by the
defendant, as sheriff of the county of New York. His defense to
the action chiefly consisted of the facts alleged; that the property
belonged to Wellington A. Carter, the husband of the plaintiff, and
was seized by him under different warrants of attachment issued
against Carter.

The court at General Term said: "The action has been twice
tried and the judgments reversed and other trials directed, and it
was on the day calendar ready to be tried when the motion resulting
in the order dividing the action and making De Kay the defendant
to one branch of it was made. This motion was made upon a peti-

tion and order to show cause, dated the 1st of April, 1887, and this great intervening·delay in making the motion was, of itself, sufficient to require the court to deny the application, resting, as it did, in the exercise of a sound discretion. Besides that there seems to have been no intelligent state of facts upon which the action could be so divided as to indicate, with reasonable certainty, the property seized under the process for which the petitioner became a party to the bond of indemnity delivered to the sheriff. The seizures were successively made under the different attachments received by that officer. But what particular portion of the property was taken under one attachment, or what was taken under either of the others, the proceedings in the action, and in support of the application, fail satisfactorily to disclose. It is quite probable that the sheriff seized all, or the greater part of the same property, under each one of the attachments, rendering it impracticable to determine, with any degree of precision, what was represented by either one of the attachments ; and in that state of manifest uncertainty it would be an injudicious application of the sections of the Code, under which the motion was made, to direct a division of the action, allowing a portion of it only to proceed against the petitioner as defendant substituted in place of the sheriff. The proceedings, for this pur pose, are regulated by sections 1421, 1427 of the Code of Civil· Procedure, and that they were not intended to justify such a division of the action, as was provided for by this order, was considered in *Hayes* v. *Davidson* (34 Hun, 243). It would subject the plaintiff, in the assertion of her rights, to too great a state of peril and uncertainty to make such a division. These provisions have not been received with any degree of special favor by the court of last resort. (*Hein* v. *Davidson*, 96 N. Y., 175.) But, notwithstanding that fact, they were re-enacted and extended by the legislature by chapters 182 and 452 of the Laws of 1887 ; and as they have been enacted and amended will be required to be carried into effect by the courts. But they will not be required to be so far enlarged and extended as to include a case of this description, to which they cannot be applied without the danger of subjecting the plaintiff in the action to very great injustice. To divide her action in the manner directed by the order would be to subject her to a greater state of confusion and uncertainty, in the determination of it, than the law has either pro-

vided for or contemplated. The suit was properly brought against the sheriff. It included all his acts without the necessity imposed upon the plaintiff of making any subdivision or apportionment of them to each one of the attachments. Her action in this respect is greatly simplified by bringing and maintaining it, so far as she may be able to do that, against the sheriff himself; and she should not be deprived of her right so to prosecute the action without its being made clearly to appear that the division directed would not imperil her remedy. The order from which the first appeal has been taken should accordingly be reversed and the motion denied." ·

*George P. Avery*, for the appellant.

*William J. Hardy*, for Sidney De Kay, respondent.

Opinion by DANIELS, J.; VAN BRUNT, P. J., and BRADY, J., concurred.

Order dividing action reversed, with ten dollars costs and disbursements; other orders affirmed, with ten dollars costs and disbursements.